UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, <br>   Plaintiff <br> <br> v. <br> <br> JOSHUA SCHMIDT, <br>   Defendant. | § <br> § <br> § <br> § <br> § CIVIL ACTION NO.: 5:19-CV-00599-XR <br> § <br> § <br> § |

### DEFENDANT'S RESPONSE OPPOSING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant Joshua Schmidt, by and through his attorneys of record, hereby files this Response Opposing Plaintiff's Motion to Strike Defendant's Affirmative Defenses, and would respectfully show the Court as follows:

**I. INTRODUCTION AND PROCEDURAL HISTORY**

Defendant filed his Amended Answer on July 3, 2020 asserting three (3) affirmative defenses in response to Plaintiff's Amended Complaint. *See* Defendant's Amended Answer, ECF No. 36, and Plaintiff's Amended Complaint, ECF No. 11. On July 23, 2020, Plaintiff Malibu Media, LLC ("Malibu Media"), filed a motion to strike all of Defendant's affirmative defenses. ECF No. 37. This case remains in the very early stages of litigation and the parties have yet to conduct any discovery. As a result, Defendant would respectfully show the Court that Defendant's affirmative defenses are more than viable at this stage of the proceeding and that Plaintiff's motion to strike is therefore premature and should be denied.

**II. LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "any insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter." However,

1

courts have repeatedly cautioned that "motions under Rule 12(f) are generally disfavored" and that "[d]efenses should be struck only when the defense is insufficient as a matter of law." *FTC v. Think All Publ'g, L.L.C.*, 564 F. Supp. 2d 663 (E.D. Tex. 2008). The reasons behind this high bar are that such motions are often sought by the movants as a dilatory tactic and that striking a portion of a pleading is a drastic remedy. *See Idar v. Cooper Tire & Rubber Co.*, No. C-10-217, 2010 U.S. Dist. LEXIS 96424 (S.D. Tex. 2010). *See also FDIC v. Niblo*, 821 F. Supp. 441 (N.D. Tex. 1993); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir. 1982); *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424 (5th Cir. 1962).

Two requirements must be met to successfully strike a defendant's affirmative defenses. First, a "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n. 13 (5th Cir. 1962). Additionally, the movant must show, by more than conclusory statements, that the affirmative defense in question would cause prejudice to one of the parties. *See Auto Wax Co. v. Mothers Polishes Waxes Cleaners, Inc.*, Civil Action No. 3:01-CV-1940-G, 2002 U.S. Dist. LEXIS 3635 (N.D. Tex. 2002); *Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, Nos. H-05-2618, H-06-1790), 2007 U.S. Dist. LEXIS 4405 (S.D. Tex. 2007). *See also Boyd's Bit Serv. v. Specialty Rental Tools & Supply, Inc.*, 332 F. Supp. 2d 938 (W.D. La. 2004). "A court must deny a motion to strike if there is any question of fact or law." *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002) (citing *Federal Deposit Insurance Corporation v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.)).

### III.   ARGUMENT

#### A. First Affirmative Defense: Unclean Hands

"The doctrine of unclean hands is an equitable defense which provides that a party must have acted fairly and justly in its dealings with another in order to assert a cause of action against that party. A party is said to possess 'unclean hands' if it is guilty of conduct involving fraud or bad

faith." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 796 (5th Cir. 1999) (adopting district court's definition of the term).

The still developing fact pattern of the present case already reflects a pattern of bad faith litigation on the part of the Plaintiff. For example, the Plaintiff's copyrighted material is widely available on the largest pornography streaming services online and yet Plaintiff has failed to initiate any litigation against such companies. Instead, a quick litigation search reveals that the Plaintiff has previously been labeled a copyright "troll" building their business around suing individuals of lesser means than those of the above-referenced companies, and other federal district courts have explicitly denounced such conduct. *See, e.g., Malibu Media LLC, v. Doe*, No. 13-cv-205-wmc, 2013 U.S. Dist. LEXIS 128615, at *4 (W.D. Wis. 2013) ("Malibu Media, a purveyor of so-called adult films, has joined many others in bringing lawsuits in federal courts against anonymous defendants[.] . . . Apparently, the lewd and obscene nature of the graphic titles and content are enough to persuade many initially anonymous defendants to reach early settlements out of fear of being 'outed' should the lawsuit proceed."); *Malibu Media, LLC v. Reynolds,* No. 12 C 6672, 2013 U.S. Dist. LEXIS 31228, at *19 (N.D. Ill. 2013); *Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 77469, at *2 (S.D.N.Y. 2012) ("This Court shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult film industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded."); *Malibu Media, LLC v. Downs,* No. 1:14-cv-707, 2015 U.S. Dist. LEXIS 165734, at *4 (S.D. Ohio 2015) ("This Court does not view Malibu Media's conduct in this action in isolation. Rather, the Court views it as part of an unmistakable pattern that has emerged in other actions before this Court and in context of observations made by multiple other federal judges in cases involving Malibu Media.").

The Plaintiff's affidavits from their handpicked digital forensics "experts" have raised serious questions about the possible use of a digital honeypot that should be explored in discovery. A

honeypot is where you create and place data that is made to look legitimate and easy to access so as to bait and lure unsuspecting users into downloading. Such a mechanism could allow the owner to then trace the copyrighted material. This would be a more plausible explanation than the one offered by Malibu Media's experts that claim they can precisely and confidently tie an IP address to an individual person. If this is borne out, it would mean that the Plaintiff is actively attempting to induce the very alleged infringement that serves as the basis of this suit and so many others.

Given the above-described conduct and the early phase of this litigation, Defendant respectfully requests the Court deny Plaintiff's Motion to Strike the affirmative defense of unclean hands.

## B. Second Affirmative Defense: Abandonment

To establish an affirmative defense of abandonment, a defendant must show that the plaintiff engaged in overt acts of abandonment with the concomitant intent to abandon. *See, e.g., Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 898 (5th Cir. 1972); *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357 (9th Cir. 2020). Courts previously explained that '[s]ome overt act is necessary to evidence such an intent." *Jackson v. MPI Home Video*, 694 F. Supp. 483 (N.D. Ill. 1988) (quoting *Bell v. Combined Registry Company*, 397 F. Supp. 1241, 1249 (N.D. Ill. 1975), *aff'd*, 536 F.2d 164 (7th Cir. 1976). The Plaintiff in this case is engaged in massive amounts of litigation and yet they have actively elected not to pursue the largest sources of the alleged infringement. Indeed, Malibu Media has overtly gone after the small leaks, best calculated to settle, while actively ignoring the countless acts of alleged infringement by online purveyors of pornographic content. By willfully ignoring infringing content on websites such as www.pornhub.com this litigious Plaintiff has acquiesced to immeasurable infringement while asking this Court to enforce its copyright against a purported individual infringer in an effort to obtain prompt settlement by the embarrassed accused. Therefore,

Defendant asserts sufficient evidence in support of his affirmative defense of abandonment and respectfully requests the Court deny Plaintiff's motion to strike.

### C. Third Affirmative Defense: Innocent Infringement

"The reduction of statutory damages for innocent infringement requires an inquiry into the defendant's state of mind to determine whether he or she 'was not aware and had no reason to believe that his or her acts constituted an infringement.'" *D.C. Comics, Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990). *See also* 17 U.S.C. § 504(c)(2); *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986). The Defendant in this case fully intends to explain to this Court his state of mind as this litigation proceeds. However, to date, this case remains in its early stages and neither party has begun discovery. This defense inherently invokes a question of fact making it inappropriate to strike at this time. No amount of speculative or conclusory statements by the Plaintiff can overcome this defect. Therefore, Defendant respectfully asks the Court to deny Plaintiff's Motion to strike this affirmative defense.

## IV. CONCLUSION

Striking an affirmative defense is a drastic remedy that comes with an extraordinarily high bar for the movant. These stringent criteria were seemingly designed with exactly the kind of movants like Malibu Media in mind who are bringing this motion to strike in the nascent stages of litigation as a tactic to both delay and drive up litigation costs for an individual Defendant of modest means. Due in large part to the fact that no discovery in this case has been conducted, the movant's motion is replete with conclusory statements and sweeping speculative pronouncements about what the Defendant may or may not be able to ultimately show. Such framing simply does not meet the minimum standard to warrant this Court's striking of Defendant's affirmative defenses in this case.

## V. PRAYER FOR RELIEF

5

WHEREFORE, PREMISES, CONSIDERED, Defendant Joshua Schmidt respectfully prays that this Court deny Plaintiff's Motion to Strike Affirmative Defenses and for such other and further relief to which he may be justly entitled.

Respectfully Submitted,

DAVID K. SERGI AND ASSOCIATES, P.C.

/s/ David Sergi
**DAVID SERGI** – Attorney in Charge
Texas Bar No. 18036000
Email: david@sergilaw.com
**KATHERINE FRANK**
Texas Bar No. 24105630
Email: katie@sergilaw.com
**THOMAS M. JUST**
Texas Bar No. 24113382
Email: thomas@sergilaw.com
329 S. Guadalupe St.
San Marcos, TX 78666
Tel. (512) 392-5010
Fax. (512) 392-5042
COUNSEL FOR DEFENDANT,
JOSHUA SCHMIDT

## CERTIFICATE OF SERVICE

I certify that on July 30, 2020 a true and correct copy of the Defendant's Response Opposing Plaintiff's Motion to Strike Affirmative Defenses was served on Paul Beik, counsel for Plaintiff, electronically through the electronic filing manager.

/s/ David Sergi
David K. Sergi
Attorney for Defendant Joshua Schmidt