**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>　　　*Plaintiff*<br><br>-v-<br><br>JOSHUA SCHMIDT,<br>　　　*Defendant* | §<br>§<br>§　　SA-19-CV-00599-XR<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

On this date, the Court considered Plaintiff's motion to strike portions of Defendant's Answer. Docket no. 37. After careful consideration, the Court issues the following Order.

**BACKGROUND**

This case involves the alleged infringement of copyrighted works. Plaintiff asserts that it owns the copyrights to various adult films. Docket no. 11 ¶ 22. It alleges that Defendant downloaded, copied, and distributed one or more of Plaintiff's copyrighted works without authorization using BitTorrent. *Id*. ¶¶ 23–25. BitTorrent is a file distribution network that allows peer-to-peer sharing of large electronic files with relative ease. *Id*. ¶¶ 10–11. Plaintiff's retained consulting expert, IPP International UG, purports to have found that copyrighted works were downloaded to the IP Address 104.59.203.56 using BitTorrent. *Id*. ¶¶ 17–22. Believing that this IP Address belonged to a computer owned by Defendant, Plaintiff filed a Complaint on June 4, 2019. *See* docket no. 1.

Plaintiff filed an Amended Complaint on January 3, 2020, and Defendant filed an Answer on April 14, 2020. Plaintiff's Amended Complaint alleges one count of direct copyright infringement. *See* docket no. 11. In Defendant's subsequent Amended Answer, Defendant asserted

1

numerous affirmative defenses. *See* docket no. 19. Plaintiff now brings a motion to strike three of Defendant's affirmative defenses. *See* docket no. 21.

## DISCUSSION

### I.     Standard of Review

Federal Rule of Civil Procedure 8(c) requires a defendant asserting an affirmative defense to do so "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (internal citation omitted). "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions under Rule 12(f) are generally disfavored. Defenses should be struck only 'when the defense is insufficient as a matter of law.'" *F.T.C. v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 633, 665 (E.D. Tex. 2008) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)).

### II.    Application

Plaintiff moves to strike three of Defendant's affirmative defenses: those based on the doctrines of unclean hands, abandonment, and innocent infringement. *See* docket no. 37.

   A.  <u>Defendant has properly pled an affirmative defense of unclean hands.</u>

Plaintiff first argues that Defendant's unclean hands defense should be stricken because Plaintiff is not guilty of "fraud, deceit, unconscionability, or bad faith related to the matter at issue." *Id*. at 2 (quoting *Performance Unlimited, Inc. v. Questar Publisher's, Inc.*, 52 F.3d 1373, 1383

2

(6th Cir. 1995)). Even where some wrongdoing exists, Plaintiff asserts, the defense will not apply "where plaintiff's misconduct is not directly related to the merits of the controversy between the parties." *Id*. at 3 (quoting *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979)). Defendant responds that Plaintiff is acting as a "copyright troll." Docket no. 38 at 3. That is, Plaintiff engages in bad faith litigation practices by suing individuals of lesser means while refraining from suing the massive pornography websites that account for millions of alleged infringements of Plaintiff's copyright. *Id*. Plaintiff cites numerous federal district courts that explicitly denounce Plaintiff for engaging in this practice. *Id*. (citing *Malibu Media LLC, v. Doe*, No. 13-cv-205-wmc, 2013 U.S. Dist. LEXIS 128615, at *4 (W.D. Wis. 2013); *Malibu Media, LLC v. Reynolds,* No. 12 C 6672, 2013 U.S. Dist. LEXIS 31228, at *19 (N.D. Ill. 2013); *Malibu Media, LLC v. Doe*, No. 12 Civ 2950 (JPO), 2012 U.S. Dist. LEXIS 77469, at *2 (S.D.N.Y. 2012); and *Malibu Media, LLC v. Downs,* No. 1:14-cv-707, 2015 U.S. Dist. LEXIS 165734, at *4 (S.D. Ohio 2015)). Defendant also asserts that Plaintiff may have used a "digital honeypot"—a scheme in which a copyright holder displays a work online in a way that lures users into downloading the work, only to then sue the users for copyright infringement. *Id*. at 3–4. Defendant admits that it cannot prove that Plaintiff used this scheme, but requests that he be permitted to explore this issue in discovery. *Id*.

"The doctrine of unclean hands applies to a litigant whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, marked by a want of good faith or violates the principles of equity and righteous dealing." *Janes v. Watson*, No. SA-05-CA-0473-XR, 2006 WL 2322820 at *16 (W.D. Tex. Aug. 2, 2006). Other courts have denied motions to strike an unclean hands affirmative defense against this very Plaintiff where the Defendant alleges a "honeypot" scheme. *See e.g.*, *Malibu Media v. Doe*, No. 13-11432, 2014 WL 2616902, at *3

3

(E.D. Mich. June 12, 2014). So too will this Court. If proven, a scheme in which a copyright holder intentionally tricks an individual into infringing the copyright so that the holder can sue the individual is the type of bad faith conduct that the doctrine of unclean hands is intended to deter. Accordingly, Plaintiff's motion to strike Defendant's first affirmative defense is DENIED.

    B.  <u>Defendant has properly pled an affirmative defense of abandonment.</u>

Plaintiff next argues that Defendant's affirmative defense of abandonment should be stricken because it has not evinced an intent to surrender its rights to the works. Docket no. 37 at 4. Plaintiff asserts that the instant lawsuit and the fact that Plaintiff sends "thousands" of takedown letters under the Digital Millennium Copyright Act to websites is proof that it has no intention of surrendering its works. *Id*. Defendant responds that Plaintiff has abandoned its rights to the copyrighted works because it elects not to protect its copyright against the largest sources of infringement—*i.e.*, large pornography websites. Docket no. 38 at 4.

It used to be the case that "[a]bandonment [could] only be shown by proving the copyright proprietor intended to surrender the rights in a work he so deliberately perfected." *Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 898 (5th Cir. 1972). However, now "[a] right such as copyright may be waived by inaction." *Veeck v. S. Bldg. Code Cong. Int'l Inc.*, 241 F.3d 398, 409 (5th Cir. 2001) (citing *Sherrod v. American Airlines*, 132 F.3d 1112, 1119 n.5 (5th Cir. 1998)). "Copyright also may be waived as the result of a particular act, even if waiver was not the intended result." *Id*. (citing *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 48 (5th Cir. 1995)). Facts have not yet been adduced to determine whether Defendant's assertion that Plaintiff has acquiesced to the infringement of its works by large pornography websites is true. If proven, Plaintiff's failure to enforce its copyright against "millions" of instances of infringement may constitute abandonment of that copyright. That is, even if Plaintiff does not intend to abandon its copyright, its inaction

4

may constitute a waiver of its right to enforce the copyright. The Court finds that Defendant's affirmative defense of abandonment is not "insufficient as a matter of law." *Think All Pub. L.L.C.*, 564 F. Supp. 2d at 665. Accordingly, Plaintiff's motion to strike Defendant's second affirmative defense is DENIED.

### C. Defendant has properly pled an affirmative defense of innocent infringement.

Plaintiff's final argument is that Defendant's affirmative defense of innocent infringement should be stricken because this defense does not bar liability but instead limits damages. Docket no. 37 at 5. It also asserts that "there is no basis to believe that the mere availability of Malibu's content on BitTorrent would have given Doe the impression that the content was unprotected by copyright law or that its downloading and redistribution was legal." *Id*. at 6 (citing *Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 U.S. Dist. LEXIS 77929, *9 (N.D. Ill. June 9, 2014)). But this argument is misplaced. Whether Defendant could reasonably conclude that it is not infringing copyrighted works is a question of fact that should not be decided on a motion to strike. *See D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 34 (2d Cir. 1990) ("The reduction of statutory damages for innocent infringement requires an inquiry into the defendant's state of mind to determine whether he or she "was not aware and had no reason to believe that his or her acts constituted an infringement."). Plaintiff's motion to strike Defendant's third affirmative defense is DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion to strike Defendant's affirmative defenses (Docket no. 37) is DENIED.

It is so **ORDERED**.

**SIGNED** this 1st day of September, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE